IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN HENRY CUNNINGHAM, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:17-CV-61-D-BR |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner JOHN HENRY CUNNINGHAM has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state prison disciplinary proceeding. At the time he filed his habeas application, petitioner was incarcerated at the Neal Unit in Potter County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.[1,2]

**I. DISCIPLINARY CHARGE AND PROCEEDINGS**

On November 20, 2016, in disciplinary case number 20170089277, petitioner was charged at the Neal Unit with the offense of being out of place, a Level 2, Code 27.0 violation of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") *Disciplinary Rules and Procedures for Offenders*, and the offense of tampering with a locking

---

[1] This Court has jurisdiction to entertain petitioner's habeas application because at the time of his application he was confined in the Neal Unit, which is located in the Northern District of Texas. *See* 28 U.S.C. § 2241(d).
[2] The Court notes that petitioner has filed another habeas application regarding a different state prison disciplinary proceeding. *See Cunningham v. Davis*, No. 2:17-cv-62-D-BR. The Court will issue a separate Findings, Conclusions, and Recommendation regarding that application.

mechanism or a food slot tray, a Level 2, Code 18.2 violation of the same. [ECF 11-2 at 5]. Specifically, the Offense Report alleged that on November 20, 2016, at 7:00 p.m., petitioner "was in the Dayroom when . . . in fact said offender had no authorization to be in such place" and "[d]id tamper with B1-18 cell door by jamming the broken handle of a razor between the door." *Id.* As additional information in the Offense Report, Charging Officer M. Sadler explained:

> On the date and time listed above, and at the B-wing dayroom, offender Cunningham, John TDCJ [#]1986938 was in the Dayroom of B-wing when in fact said offender had no authorization to be in such place.
>
> On the date and time listed above, and at B1-18 cell door[,] there was a broken handle of a razor shoved between the door and door frame to keep it from closing all the way.

*Id.* During the preliminary investigation of the offense, petitioner stated, "I was just being stupid." *Id.* at 6.

On November 22, 2016, at 10:40 a.m., petitioner was officially notified of the charges against him and indicated he wanted to attend the disciplinary hearing. *Id.* at 10. During counsel substitute's investigation of the offense, petitioner stated, "I was in my cell. There was nothing in the door." *Id.*

On December 1, 2016, at 4:10 p.m., a Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing on the alleged charges. [ECF 11-2 at 4, 12]. At the outset of the hearing, the DHO stated that petitioner had "initially requested to attend the hearing, however due to disruptive and argumentative behavior he has been excluded." [ECF 13, Disciplinary Hearing CD].[3] Although the DHO dismissed and excluded petitioner from the hearing, petitioner's counsel substitute was permitted to present evidence and call witnesses on behalf of petitioner.

---

[3] The undersigned notes that the record before the Court is limited insofar as the audio from the disciplinary hearing begins after petitioner was dismissed from the hearing.

*Id.* Specifically, the DHO permitted counsel substitute to present a witness statement from petitioner's cellmate, K. Thompson, which provided: "He was in the cell and there was nothing in the door. And [the] cell was deadlocked. So we couldn't come out." *Id.* At the hearing, the Charging Officer testified that on November 20, 2016, he observed petitioner in the dayroom even though petitioner was on restriction. *Id.* The Charging Officer testified that upon investigation he found a broken piece of razor jammed between the door and the doorframe of petitioner's cell, which kept the door from closing all the way and enabled petitioner to get out of his cell into the dayroom. *Id.* The Charging Officer further testified that after he removed the broken razor from the door of petitioner's cell, the Charging Officer placed petitioner back into his cell and charged him with tampering with a locking mechanism and being out of place. *Id.* The DHO presented counsel substitute with the opportunity to question the Charging Officer on behalf of petitioner, but no questions were asked. *Id.* At the conclusion of the hearing, the DHO found petitioner guilty of the charged offenses based on the Charging Officer's Offense Report and the Charging Officer's hearing testimony. *Id.* The DHO then assessed petitioner's punishment that included the forfeiture of thirty (30) days previously accrued good time credit. *Id.*[4]

On December 14, 2016, petitioner filed a Step 1 grievance arguing:

1. The DHO denied petitioner due process by dismissing him from the disciplinary hearing for no reason, which prevented petitioner from presenting evidence; and

2. The Charging Officer never attempted to informally resolve the incident with petitioner prior to charging him with the violations, contrary to TDCJ policy.

---

[4]Other punishment with which petitioner was assessed—line classification remain at line class L3, loss of recreation for 45 days, loss of commissary for 45 days, and loss of telephone service privileges for 45 days—constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997).

[ECF 11-1 at 3-4]. On December 30, 2016, petitioner's Step 1 grievance was denied with the following response:

> Major disciplinary case #20170089277 has been reviewed. You were provided the opportunity to attend your hearing in order to present your defense but, due to your behavior you were excluded from your hearing. The disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence, as well as your failure to refute the charges. All due process requirements were satisfied and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. Furthermore, you knew you were on restriction and should not have been in the dayroom and tampering with a locking mechanism will not be tolerated. No corrective action is warranted for this appeal.

*Id.* at 4.

On January 8, 2017, petitioner filed a Step 2 grievance arguing:

1. The DHO denied petitioner due process by dismissing him from the disciplinary hearing without good cause, which prevented petitioner from presenting evidence;

2. Petitioner was never presented with an opportunity to listen to the recording of the disciplinary hearing;

3. The response to petitioner's Step 1 grievance incorrectly states that petitioner was in the dayroom when in actuality petitioner was asleep in his cell;

4. The Charging Officer never attempted to informally resolve the incident with petitioner prior to charging him with the violations, contrary to TDCJ policy; and

5. Petitioner's attempt to informally resolve the incident was never answered.

*Id.* at 5-6. On January 17, 2017, petitioner's Step 2 grievance was denied with findings that "[t]here was sufficient evidence presented to sustain the charge and the finding of guilt," "the hearing was conducted per policy and there were no due process or procedural errors noted," and "[t]he punishment was within Agency guidelines for this offense." *Id.* at 6.

On a date unknown, petitioner placed the instant habeas petition challenging the disciplinary proceeding decision in the prison mailing system, such application being received by

the Court and file marked on April 11, 2017. [ECF 3].

## II. **PETITIONER'S ALLEGATIONS**

Petitioner claims his federal constitutional rights were violated as a result of the disciplinary decision and loss of good time punishment because:

1. The DHO denied petitioner due process by dismissing him from the disciplinary hearing without any evidence of disruption based on his facial expression, which prevented petitioner from presenting evidence and being heard;

2. Petitioner received ineffective assistance of counsel because petitioner's counsel substitute failed to:

    a. submit two affidavits on petitioner's behalf at the disciplinary hearing;

    b. provide petitioner with certain requested evidence;

    c. respond to petitioner's request to interview witnesses;

    d. obtain the names of employees and offenders that petitioner desired to call as witnesses at the disciplinary hearing;

    e. obtain petitioner's statement concerning the disciplinary charge;

    f. interview all witnesses prior to the disciplinary hearing;

    g. respond to petitioner's request to view the disciplinary hearing record; and

    h. inform petitioner whether any requested witnesses were excluded from the disciplinary hearing and, if so, the reason for the exclusion;

3. The investigation of petitioner's disciplinary case by counsel-substitute was improper because the DHO denied petitioner the opportunity to present witnesses at the disciplinary hearing;

4. Petitioner was denied a fair and impartial disciplinary hearing because the DHO excluded petitioner from the hearing without cause and denied petitioner the ability to present evidence; and

5. Petitioner was a victim of bias and prejudice throughout the disciplinary and grievance process because of his race.

[ECF 3 at 6-7, 11-12].

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

On July 12, 2017, respondent filed an Answer asserting that petitioner's second and fifth claims are unexhausted and procedurally barred, and should be dismissed.  [ECF 9].  Although relief may not be granted on unexhausted claims, such claims may be denied on the merits.  28 U.S.C. § 2254(b)(2); *Mercadel v. Cain*, 179 F.3d 271, 276-78 (5th Cir. 1999).  Consequently, the undersigned does not address respondent's exhaustion argument but, instead, addresses below why all of petitioner's claims should be denied on the merits.

### IV.  STANDARD OF REVIEW

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process.  The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding.  In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied.  Those are:

(1) twenty-four hour advance written notice of the charges;

(2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

(3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id.* at 563-66.  It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious.  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In the instant case, petitioner was afforded all the due process to which he was entitled under *Wolff*.  First, petitioner was notified in writing of the charges against him on November 22,

2016, at 10:40 a.m., over twenty-four hours prior to the December 1, 2016, hearing held at 4:10 p.m. [ECF 11-2 at 4, 12]. Petitioner signed this notice proving that he was properly provided with the written notice. *Id.* at 4. Second, petitioner was given a fair opportunity to attend the disciplinary hearing to present evidence and call witnesses. Although the DHO dismissed petitioner from the hearing, the disciplinary records before the Court reveal that petitioner was dismissed and excluded due to disruptive and argumentative behavior. [ECF 13, Disciplinary Hearing CD]; [ECF 11-2 at 4, 12]. The DHO was justified in dismissing and excluding petitioner from the disciplinary hearing based on petitioner's disruptive behavior. *See Opio v. Jan.*, 162 F.3d 93, 1998 WL 770693 (5th Cir. 1998) ("[Petitioner's] claim that he was not permitted to attend his disciplinary hearing is unavailing because he has not demonstrated that prison officials were obligated to permit him to attend the hearing in light of his disruptive behavior." (citing *Wolff*, 418 U.S. at 564-65)); *cf. Moody v. Miller*, 864 F.2d 1178, 1180-81 (5th Cir. 1989) (holding that a prisoner does not have an "absolute" right to attend a disciplinary hearing). Moreover, petitioner's due process rights were fully respected because he was still permitted to present documentary evidence through counsel substitute, namely, a witness statement from petitioner's cellmate. [ECF 11-2 at 9]. And third, petitioner received a copy of the TDCJ Disciplinary Report and Hearing Record form on which the DHO provided petitioner with a written explanation of the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 4. Petitioner signed this form in acknowledgement of its receipt. *Id.* The *Wolff* requirements have been met in this case.[5]

---

[5] Although petitioner does not assert he was denied due process on the basis that the evidence presented at the disciplinary hearing was insufficient to support the DHO's findings of guilt, the Court notes that any such claim would be without merit. Federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where "no evidence" in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this Court's role on review is only to "examine if the guilty finding has 'support of "some facts" or "any evidence at all." ' " *Hudson*

## V. MERITS

### A. Dismissal From the Disciplinary Hearing

Petitioner claims that his right to due process was violated because he was dismissed from the disciplinary hearing without any evidence of disruption, which prevented petitioner from presenting evidence and being heard at the disciplinary hearing.  The Court disagrees.  The DHO specifically stated on the record at the disciplinary hearing that petitioner was excluded from the hearing "due to disruptive and argumentative behavior."  [ECF 13, Disciplinary Hearing CD].  The DHO memorialized her finding in writing on the TDCJ Disciplinary Report and Hearing Record form, *see* [ECF 11-2 at 4] (explaining that the DHO excluded petitioner from the hearing "due to behavior"), and the TDCJ Hearing Worksheet form, *see id.* at 12 (explaining that the DHO excluded petitioner from the hearing "due to disruptive behavior"). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits . . . ."  *Wolff*, 418 U.S. at 566.  Nothing within the record before the Court suggests that the DHO abused her administrative discretion by dismissing and excluding petitioner from the disciplinary hearing due to his behavior.  Nor has petitioner presented anything to substantiate or support his claim that his dismissal from the hearing was unfounded.  It is therefore recommended that petitioner's dismissal-from-the-disciplinary-hearing claim be denied.

### B. Ineffective Assistance of Counsel Substitute

Petitioner claims that he received ineffective assistance of counsel because petitioner's counsel substitute's performance was deficient.  However, regardless of the actions or inactions of counsel substitute, petitioner cannot show a constitutional violation necessary for federal

---

*v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)).  Here, the Charging Officer's Offense Report and the Charging Officer's hearing testimony clearly constituted "some evidence" to support the DHO's findings of guilt of the charged offenses, and the determination that petitioner engaged in conduct in violation of TDCJ rules was not arbitrary or capricious.

habeas relief. There is no federal legal standard for, or constitutional right to, counsel in a prison disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976). Thus, a claim of ineffective assistance of counsel substitute is not of constitutional magnitude. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel . . . ."). It is therefore recommended that petitioner's ineffective-assistance-of-counsel-substitute claim be denied.

### C. Improper Investigation

Petitioner claims that the investigation of his disciplinary case by counsel-substitute was improper because the DHO denied petitioner the opportunity to present witnesses at the disciplinary hearing. It appears that petitioner's claim is duplicative of his dismissal-from-the-disciplinary-hearing claim, ineffective-assistance-of-counsel-substitute claim, or both. It is therefore recommended that petitioner's improper-investigation claim be denied for the reasons stated in sections V.A. and V.B. of this Findings, Conclusions, and Recommendation.[6]

### D. Unfair and Partial Hearing

Petitioner claims that he was denied a fair and impartial disciplinary hearing because the DHO excluded petitioner from the hearing without cause and denied petitioner the ability to present evidence. Petitioner's claim should be denied because any claim that the DHO was not an impartial decision maker is conclusory. Petitioner offers absolutely nothing to demonstrate the DHO was not fair and neutral. Petitioner has presented nothing to substantiate or support an allegation that the DHO had undue bias or preconceived opinions. As explained previously,

---

[6] To the extent petitioner alleges that TDCJ investigators conducted an improper preliminary investigation, "these claims even if true are merely alleged violations of TDCJ procedure and are not cognizable on federal habeas review since they fail to state a valid claim of constitutional deprivation." *Hardin v. Stephens*, No. 2:14-CV-0155, 2014 WL 3808955, at *2 (N.D. Tex. Aug. 1, 2014).

petitioner has not presented anything to substantiate or support his dismissal-from-the-disciplinary-hearing claim and petitioner was in fact permitted to present documentary evidence through counsel substitute at the disciplinary hearing. Conclusory allegations do not raise a constitutional issue for habeas review and should be summarily dismissed. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). It is therefore recommended that petitioner's unfair-and-partial-hearing claim be denied.

### E. Victim of Bias and Prejudice

Petitioner claims that he was a victim of bias and prejudice throughout the disciplinary and grievance process because of his race. Specifically, petitioner asserts that his cellmate's disciplinary charge for the same incident was overturned because he is black while petitioner's was upheld because he is white. Petitioner's claim is wholly unsubstantiated, unsupported, and conclusory. It is therefore recommended that petitioner's victim-of-bias-and-prejudice claim be denied.

### VI. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOHN HENRY CUNNINGHAM be DENIED.

### VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 23, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).